UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHIRLEY ANN HAYWOOD,

        Petitioner,

v.                                          CASE NO. 2:06-13148
                                              HONORABLE NANCY G. EDMUNDS

SUSAN DAVIS,

        Respondent.
_____/

**OPINION AND ORDER DENYING HABEAS CORPUS PETITION
AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

Petitioner Shirley Ann Haywood has filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254. The habeas petition challenges Petitioner's state convictions for second-degree murder and armed robbery. Because Petitioner's claims lack merit, the habeas petition must be denied.

**I. Background**

Petitioner was charged with first-degree murder (with second-degree murder as an alternate count) and armed robbery. The charges arose from a robbery and murder at a Holiday Inn in Troy, Michigan on September 2, 2003. One person was shot and killed. Another person was severely injured by a gunshot wound to the face.

On October 24, 2003, Petitioner pleaded guilty in Oakland County Circuit Court to second-degree murder, Mich. Comp. Laws § 750.317, and armed robbery, Mich. Comp. Laws § 750.529. In return for the guilty plea and Petitioner's willingness to testify against her three co-defendants, the prosecutor dropped the first-degree murder charge. The parties asked the trial

court to sentence Petitioner within the sentencing guidelines, which they calculated to be fifteen to twenty-five years (180 to 300 months) for the murder and eleven and a quarter to eighteen and three-quarters (135 to 225 months) for the armed robbery.

The trial court sentenced Petitioner within the sentencing guidelines to concurrent terms of eighteen to forty years in prison for the murder and to fifteen to fifty years for the robbery.[1] Petitioner nevertheless moved for resentencing on the ground that her sentences were disproportionate to the offense and the offender and an abuse of the trial court's discretion. Petitioner noted that she had cooperated with law enforcement officials, that she had no prior criminal history, and that the living victim expressed appreciation for her role in bringing her co-defendants to justice. She also maintained that her role in the case was relatively minimal.

The trial court found the motion to be frivolous because the sentence fell at the low end of the sentencing guidelines and because the Court took into consideration Petitioner's lack of a previous criminal history when it sentenced her. The trial court stated that it was offended by Petitioner's characterization of her role in the crime as relatively minimal. The court noted that Petitioner helped her co-defendants steal a gun, which was used to shoot the surviving victim in the face, and that she served as the driver and lookout. The trial court concluded that Petitioner's sentence was valid and that the court lacked authority to set aside a valid sentence once the defendant began serving it.

---

[1] The sentencing guidelines apply only to the minimum sentence. *People v. Babcock*, 469 Mich. 247, 255 n.7; 666 N.W.2d 231, 236 n.7 (2003). "The maximum sentence is either set by statute . . . or it falls within the judge's discretion," subject to the rule that "the trial court cannot impose a minimum sentence that exceeds two-thirds of the maximum sentence." *Id.* (citing MICH. COMP. LAWS § 769.34(2)(b) and *People v. Tanner*, 387 Mich. 683, 690; 199 N.W.2d 202, 204-05 (1972)).

Petitioner appealed her sentence on the ground that the trial court had abused its discretion by denying her motion for resentencing despite substantial and compelling reasons for a downward departure from the sentencing guidelines. The Michigan Court of Appeals denied leave to appeal for lack of merit in the ground presented, *see People v. Haywood*, No. 261016 (Mich. Ct. App. May 10, 2005), and on October 31, 2005, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. *See People v. Haywood*, 474 Mich. 908; 705 N.W.2d 122 (2005) (table).

Petitioner filed her habeas corpus petition on July 11, 2006. Her sole claim is that the trial court abused its discretion in denying her motion for resentencing.

## II.  Standard of Review

Petitioner is entitled to the writ of habeas corpus only if the state court's adjudication of her claim on the merits–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000) (Justice O'Connor's majority opinion on Part II). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from

[the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413.

"[A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Id*. at 410 (emphasis in original). "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id*. at 409. "Ultimately, AEDPA's highly deferential standard requires that this court give the state-court decision 'the benefit of the doubt.'" *Slagle v. Bagley*, 457 F.3d 501, 514 (6th Cir. 2006) (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam)).

### III.  Discussion

Petitioner contends that the trial court abused its discretion under Mich. Comp. Laws § 769.34(3) by not departing downward from the state sentencing guidelines.[2] Petitioner argues that a downward departure from the sentencing guidelines was warranted due to her cooperation with law enforcement officers, her lack of a prior criminal record, her relatively minimal role in the crimes, and the victim's gratitude for Petitioner's role in bringing her co-defendants to justice.

"It is undisputed that convicted defendants, including those who plead guilty, have a due process right to a fair sentencing procedure." *United States v. Anders*, 899 F.2d 570, 575 (6th Cir.1990). However, the alleged violation of state law fails to state a claim for which habeas relief may be granted. *Austin v. Jackson*, 213 F.3d 298, 300 (6th Cir. 2000) (citing *Pulley v.*

---

[2] Section 769.34(3) states that "[a] court may depart from the appropriate sentence range established under the sentencing guidelines set forth in chapter XVII if the court has a substantial and compelling reason for that departure and states on the record the reasons for departure."

4

*Harris*, 465 U.S. 37, 41 (1984)).  Succinctly stated, "federal habeas corpus relief does not lie for errors of state law . . . ." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).  "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.  28 U.S.C. § 2241; *Rose v. Hodges*, 423 U.S. 19, 21 (1975) (per curiam)." *Estelle v. McGuire,* 502 U.S. 62, 68 (1991).

Furthermore, both second-degree murder and armed robbery are punishable by life imprisonment or any term of years.  *See* Mich. Comp. Laws § 750.317; Mich. Comp. Laws § 750.529.  Petitioner was thirty-six years old at sentencing, and her sentences did not exceed the maximum sentences set by law, nor the sentencing guidelines.  "As long as the sentence remains within the statutory limits, trial courts have historically been given wide discretion in determining 'the type and extent of punishment for convicted defendants.'"  *Austin,* 213 F.3d at 301 (quoting *Williams v. New York*, 337 U.S. 241, 245 (1949)).

Petitioner's contention that her sentences are disproportionate to the crime and the offender lacks merit, because a plurality of the Supreme Court held in *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991), that "the Eighth Amendment contains no proportionality guarantee."  The Amendment "forbids only extreme sentences that are 'grossly disproportionate' to the crime."  *Id.* at 1001 (Kennedy, J., concurring).

The Sixth Circuit stated in *Austin* that a sentence of forty to sixty years for second-degree murder was not extreme or grossly disproportionate where the sentencing guidelines were twelve to twenty-five years.  In light of *Austin,* Petitioner's sentence of eighteen to forty years for second-degree murder and her concurrent sentence of fifteen to fifty years for the armed robbery were not extreme or grossly disproportionate to the crime and the offender.  Therefore, her

5

sentence does not violate the "cruel and unusual punishments" phrase of the Eighth Amendment.

## IV.  Conclusion

The state appellate court's decision stating that Petitioner's claim lacked merit was not contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court.  Accordingly, the application for a writ of habeas corpus [dkt, #1, July 11, 2006] is DENIED.  The Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's assessment of Petitioner's claims debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  May 3, 2007

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 3, 2007, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager